FERDINAND STREITZ, APPELLANT, V. A. J. FREDERICK
HARTMAN ET AL., APPELLEES.

[FILED OCTOBER 13, 1892.]

1. **Cumbering Record**: COSTS. Where unnecessary papers are
included in the transcript, as the original petition where there
is an amended one, the summons and return to the same, to-
gether with motions and demurrers to the petition where no
point is made upon such pleadings or papers, the costs of the
same will be taxed to the party at fault.

2. **Trusts**: RIGHTS OF TRUSTEE. The members of an association
joined together and purchased a tract of land near O., the title
being taken in the name of a trustee. The land was platted into
eighty-four lots, seven acres being reserved for the trustee. One
lot was given to J. B. for services, and the other lots were con-
veyed to the several shareholders, who each received his deed in
full satisfaction of the trust. *Held*, That a grantee from a share-
holder could not open up the trust and require the trustee to
account and convey to him land not included in his purchase,
and that there was no equity in his petition.

3. ———: LACHES: ENFORCEMENT OF STALE CLAIMS. It is not
the policy of the law to enforce stale claims which are asserted
after the witnesses are dispersed or dead.

4. **Statute of Limitations.** The action is barred by the statute
of limitations.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*Switzler & McIntosh,* for appellant.

*Edward W. Simeral, Mahoney, Minahan & Smyth,
Congdon, Clarkson & Hunt,* and *A. J. Poppleton, contra.*

MAXWELL, CH. J.

It is alleged in the petition, in substance, that on the
10th day of May, 1857, there was organized at Dubuque,

Iowa, an association known as the Homestead Society, for the purpose of procuring for the members thereof a quantity of real estate at or near Omaha; that in pursuance of the purpose of the organization, forty acres of land were purchased and the title to the same taken in the name of John George Hartman, trustee for the several shareholders; that Hartman took immediate possession of the land and laid the same out as an addition to Omaha; and a plat of said addition was duly filed in the county clerk's office; that said addition was divided into eighty-four lots, which were to be given to the members of said association according to the interest or share of each member; that by the terms of the articles of association each member was entitled to recover one full lot and a fraction of a lot for each fraction of a share possessed by him; that there was a mistake in surveying and platting said ground, by reason of which the point of beginning the survey was placed thirty-five feet north and seventeen and one-half feet east of the actual corner, hence on the opposite side of the tract, the survey overlapped upon lands owned by others from seventeen and one-half to thirty-five feet; that by reason of said mistake there still remains, unappropriated, a strip of ground (giving boundaries) about 980 feet in length by thirty-five in width; that no part of said strip has been conveyed by Hartman as trustee; that the plaintiff owns lots 1, 2, 3, 4, and 23 in said addition; that certain lots named border on the overlap, and hence are short from seventeen and one-half to thirty-five feet in length, and the plaintiff asks to be compensated for said deficiency out of the unappropriated strip above referred to; that the last named lots were conveyed to the original shareholders as full lots, but by said mistake the grantees did not obtain their full share; that the plaintiff has succeeded to the rights of said grantees.

The plaintiff then sets out what he claims to be the interest of some of the lot-owners and says: "That by reason

of the shortage in the lots as above set forth there has been an inequitable distribution of said property; that whereas nearly all of the original shareholders have received full lots, this plaintiff and those under whom he claims received only fractions thereof as above stated, and consequently he has been greatly damaged in his said rights, which he alleges should be made good out of the unused and unsold strip referred to above.

"The plaintiff prays the court that an accounting may be had of the amount of land due him by virtue of the facts as hereinbefore stated and set forth, and that whenever the same is ascertained, the said trustee be decreed to convey to him as much of said strip of land as would reimburse him for said loss and shortage; that his title to the same be quieted as against the other defendants and their successors or grantees, and for such further relief as in equity may seem just and proper."

The defendant John G. Hartman, is dead, but the action proceeded against his sons, who answered, in substance, that they admit the organization of the association, the trust character of the land purchased, and allege that the land was divided into eighty-four lots and conveyances duly made to the several shareholders, eighty-three in number, and the eighty-fourth lot was conveyed to William Banner for services rendered the association; that the strip of land in controversy is not in their possession, but is possessed by other parties who have acquired a title by adverse possession; that seven acres of the land were donated to John G. Hartman for his services in the discharge of the trust; that the plaintiff was not a *cestui que trust* of said Hartman and has no claim upon him whatever; that three of the shareholders have not come forward to claim a share in said land; that each grantee under whom the plaintiff claims title "took said lots from the trustee in full of all claims and demands which he had against said trustee (Hartman), and that therefore no

trust relation existed between said trustee and any of his said grantees." There is also the defense of adverse possession for more than ten years.

It is unnecessary to set out the substance of the other pleadings.

On the trial of the cause the court found that, as to the Hartmans, the amended petition fails to show any equity in behalf of the plaintiff, and as to the other defendants fails to state a cause of action. The court therefore found the issues in favor of the defendants and dismissed the action.

In the record we find the original petition, although no point is made on it. There is also the summons and return, although the defendants appeared in the case. Then there is an amended petition, etc. These unnecessary papers tend to incumber the record and consume the time of the court, as in order to ascertain what questions are in issue the pleadings are read in their order, and no time should be wasted over papers not properly in the case; and the costs of such papers will, in all cases, be taxed to the party at fault.

Second—The judgment of the court below is clearly right.

Where a trustee conveys to a *cestui que trust* in satisfaction of the trust and he is satisfied, being of full age and capable of contracting, his grantee cannot bring an action upon the trust agreement—in effect, to open up the trust and for a redistribution.

Third—It is very clear also that as each conveyance was made, the person receiving the same accepted it in full of his share of the trust estate, and the trustee was thereupon, in effect as to that trust, discharged, and as to each, the statute of limitations began to run from that time.

It is not the policy of the law to keep alive stale claims, and enforce them after many of the witnesses are gone, no one knows where, or are dead. This trust was undertaken

nearly thirty-five years ago and many of the deeds to the shareholders were made but a few years short of that time. No attempt was made within a reasonable time to question the trust, and it has never, so far as appears, been questioned by any of the original shareholders. The plaintiff appears to be a speculator in the claims and fails to show any equity in his petition. He purchased certain lots. The size of such lots was well known or could easily have been ascertained. The mistake, which is admitted, had been made a third of a century ago and the plaintiff is not in a condition to rectify it, nor indeed could all the *cestuis que trust* together do so. The judgment is

AFFIRMED.

THE other judges concur.